```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JACKSON LEE,                                                :
                                                            :
                       Plaintiff,                           : Index No. 17-cv-08122-JSR
                                                            :
       vs.                                                  : ECF Case
                                                            :
WHITE CAT MEDIA, INC.,                                      : **MEMORANDUM OF LAW IN**
                                                            : **SUPPORT OF MOTION FOR**
                                                            : **DEFAULT JUDGMENT**
                                                            :
                       Defendant.                           :
------------------------------------------------------------x
```

Plaintiff Jackson Lee ("Lee"), by and through his undersigned counsel hereby respectfully moves for default judgment against Defendant White Cat Media, Inc. ("White Cat" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b).

## Introduction

Lee seeks a default judgment against White Cat. Defendant was served with the Summons and Complaint, but failed to answer or otherwise defend the action, resulting in the Clerk's entry of default on December 8, 2017. See Clerk's Default, Dkt. 11. Plaintiff now requests that the Court enter the attached Proposed Order of Default Judgment ("Default Judgment") and award Plaintiff statutory damages pursuant to 17 U.S.C. §504, plus attorney's fees and costs, to be imposed against Defendant.

# BACKGROUND

## I. FACTUAL ALLEGATIONS

Lee is a professional photographer whose livelihood depends on licensing his photographs to online and print media outlets for a fee. Lee photographed American fashion model and television personality Kendall Jenner. The photograph was timely and properly registered with the Copyright Office, effective August 18, 2017.

On June 7, 2017, Defendant ran an article on its website prominently featuring Plaintiff's photograph. Defendant did not license the photograph from Lee and did not have Lee's permission or consent to use the photograph on its website.

## II. PROCEDURAL HISTORY

Lee filed the Complaint in this action on October 22, 2017. See Dkt. 1. On November 9, 2017, Defendant was served with a Summons, Civil Cover Sheet and Complaint at its place of business located at 121 West 27th Street, #701, New York, New York 10001 where Samantha Smith was authorized to accept process. See Dkt. 8. Pursuant to Fed. R. Civ P. 12, an answer or a response was due on November 30, 2017. Defendant failed to timely respond to Plaintiff's Complaint, resulting in the Clerk of Court filing a Certificate of Default on December 8, 2017. See Dkt. 11.

# ARGUMENT

Under Federal Rule 55(b)(2), this Court may enter a default judgment against a defendant that has failed to appear and defend. Entry of a default judgment is appropriate if the defendant's liability is well-pled in the complaint and the defendant has failed to participate in the litigation in good faith.

## I. PLAINTIFF HAS PROVEN COPYRIGHT INFRINGEMNT

In order to properly plead a claim for copyright infringement, pursuant to 17 U.S.C. §§ 106 and 501, a plaintiff "must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Young-Wolff v. McGraw Hill Cos.*, No. 13-cv-4372(KMW)(JCF), 2014 WL 349711, at *2 (Jan. 31, 2014).

The Complaint ("Compl.") properly pleads the required elements to establish copyright infringement. It pleads that Lee owns a timely and properly registered copyright in the photograph that is the subject of the litigation. Compl. ¶¶ 8-9. The Complaint further alleges that Defendant infringed Plaintiff's photograph by publishing its article. Compl. ¶¶ 10-11. Having properly pled copyright infringement, all allegations contained therein are taken as true. Lee is therefore entitled to the have his motion for default judgment granted.

## II. DEFENDANT'S CONDUCT WAS WILLFUL

The Copyright Act has a provision for an increase in statutory damages if the Defendant's actions are willful. 17 U.S.C. §504(c)(2). Many courts have viewed a defendant's choice not to defend itself as tantamount to willfulness. The Defendant in this case had ample notice and opportunity to make an appearance and mount a defense of its actions and has chosen not to do so. Its actions are brazen and unrepentant and deserve to be addressed by the Court through enhanced statutory damages.

## III. STATUTORY DAMAGES FACTORS

The Second Circuit has held that district courts employing their "wide discretion . . . in setting the amount of statutory damages" should consider: (1) the infringer's state of mind; (2)

the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 143–44 (2d Cir. 2010) (quotation marks omitted).

Applying these factors, the Court should consider the following in evaluating Lee's motion for default judgment:

1. The Defendant's state of mind, to the extent that it is possible to evaluate given its choice to ignore and avoid these proceedings, is culpable. Moreover, the abstention from these legal proceedings should be construed against the Defendant.
2. The expenses saved by the Defendant in this case are difficult to quantify because the Defendant has chosen not to participate in litigation. However, the exclusive nature of Lee's photograph should be considered in assessing its fair market value. Unfortunately, because Defendant has chosen to ignore and avoid these proceedings, Plaintiff is not in a position to assess Defendant's profits resulting from the infringement.
3. The revenue lost by Lee is not necessarily tantamount to his standard licensing fee, but those fees could reasonably rest in the thousands of dollars.
4. It is also important to consider the deterrent effect of an appropriate statutory damages award. Defendant and those similarly situated would carefully consider whether to engage in future infringements if the cost of violating another's copyright greatly exceeded the cost of complying with the Copyright Act. Defendant has profited from

4

copyright infringement that it has heretofore considered the cost of doing business. The Court must change the calculus for Defendant and other repeat infringers. For the Defendant and those similarly situated, any business model that depends on the disregard of the rights of others must be made prohibitive.

5. Defendant has not provided evidence of the value realized by its infringement and such value is unknown, other than what can be assessed as the savings obtained by Defendant by not obtaining a proper license.

6. Whereas Plaintiff is extremely desirous of redressing the harm done to him as a result of Defendant's infringement, Defendant has shown no interest in this litigation.

We therefore ask the Court to award the statutory damages in an amount to be determined after a reasonable inquest.

### IV. ATTORNEY'S FEES AND COSTS

Lee also seeks his attorney's fees and costs, which are available under 17 U.S.C. §§ 505 and 1203 and well within the Court's discretion to award. Lee is asking to recompense his reasonable attorney's fees in an amount of $3,600, plus $700 in costs. In addition to regular court filing fees, serving costs and copyright registration costs, Plaintiff's lead attorney spent 8 hours on this matter at a billable rate of $450 per hour. The Defendant's decision not to defend the lawsuit arguably created much of the work Plaintiff's attorneys had to undertake, in particular, with respect to filing this motion and its associated documents. Additionally, all legal strategy and executed tasks were reasonable and lacked any indicia of frivolity.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court enter the proposed Default Judgment against the Defendant and award Plaintiff his attorney's fees and costs.

Dated:   December 11, 2017
        Valley Stream, New York

                                      LIEBOWITZ LAW FIRM, PLLC

                                      By: /s/ Richard Liebowitz
                                            Richard Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, New York 11580
                                            Telephone: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Jackson Lee*